## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSE L. ARREOLA, an individual, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) **Case No.** |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HOVG, LLC, d/b/a Bay Area Credit | ) |
| Service, a Georgia Limited Liability | ) |
| Company, | ) |
| | ) |
| *Defendant.* | ) |

## COMPLAINT

### INTRODUCTION

1.      This is an action for damages arising from Defendant HOVG, LLC's d/b/a Bay Area Credit Service ("Defendant"), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by attempting to collect an alleged debt from Plaintiff by demanding two payment amounts with a week's time, and reneging on a "settlement offer" that was supposed to remain open until May 23, 2019.

2.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3.      There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4.      The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

5.      The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

6.      The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Holzman v. Malcolm S. Gerald & Associates, Inc*., 16-16511, 2019 WL 1495642, at *3 (11th Cir. Apr. 5, 2019)(citing *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010)(explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA)). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175-76 (11th Cir. 1985).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

8.     Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

9.     Jose L. Arreola ("Plaintiff") is a natural person and resident of Miami-Dade County, Florida.

10.     Jose L. Arreola, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11.     HOVG, LLC d/b/a Bay Area Credit Service is a Georgia limited liability company with its principal address at 4145 Shackleford Road, Suite 330B, Norcross, GA 30093. Its registered agent for service of process Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12.     HOVG, LLC d/b/a Bay Area Credit Service, through the mailing of debt collection letters and other communications made in connection with the collection of debt, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.     HOVG, LLC d/b/a Bay Area Credit Service is registered as a consumer collection agency in the State of Florida (CCA0900152) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.     On or about May 10, 2018, Plaintiff was injured in a work-related accident which required medical treatment or services.

15.     A portion of such necessary medical treatment or services was provided by Kendall Regional Medical Center (a/k/a "40th Street Inpatient Services").

16.     Notably, the hospital records of Kendall Regional Medical Center for the service dates of May 17 and 18, 2018 make note of, and reference the fact that Plaintiff was injured in a work-related accident.

17.     Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

18.      Additionally, under Fla. Stat. § 440.13(14)(a), Florida Statutes (2006), a health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007) (emphasis added)

19.     Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case

here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id*.

20.     On April 5, 2019, Defendant sent Plaintiff a letter titled as a "Settlement Offer" and provided an accounting breakdown for services provided by 40th Street Inpatient Services, the letter stated:

> The accounts in the summary have been assigned to Bay Area Credit Service (BACS) for collection. The total balance on all accounts listed in the summary is $2,482.00. In an effort to resolve this matter, our client has authorized our office to accept a payment in the amount of $1,737.40 as full and final settlement for the listed accounts.

21.     Importantly, the letter expressly declared: "This offer is valid until May 23, 2019".

22.     Also, on or about April 5, 2019, Plaintiff received three (3) calls from Bay Area Credit Service whereupon he was advised that the April 5, 2019 collection letter was regarding the services provided as a result of a work-place related injury.

23.     Irrespective of the aforementioned facts, then, on April 11, 2019, Defendant sent Plaintiff a second letter requesting payment in the amount of $3,589.00 to be made to Bay Area Credit Service. No accounting breakdown of the alleged amounts due to 40th Street Inpatient Services was provided in the letter.

24.     On April 11, 2019 Defendant again admitted to being a debt collector on an assigned account, the letter states:

> Please allow this letter to serve as a response to your request for a statement of the bill assigned to Bay Area Credit Service (BACS) for collection. We have listed the creditor(s) and amount(s) above. According to our records, the balance owed is correct as of the date of this letter. Interests will continue to accrue on this account.

25.     Notably, although the two (2) letters were dated less than a week apart, the April 11, 2019 directly contradicts the April 5, 2019 letter by demanding payment for an additional $1,107.00 from the original amount allegedly owed, and $1,851.60 higher than the original "settlement offer" of $1,737.40.

26.     The referenced health creditor referenced in Defendant's communications is 40th Street Inpatient Services (Kendall Regional Medical Center). The alleged balance due arose from medical services related to Plaintiff's documented workplace injury and is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

27.     Although not specifically required to do so, at all times relevant herein, Defendant could have determined in a few minutes (if not seconds) that Plaintiff's injuries were the result of a covered workplace injury, as this information is readily ascertainable from both Defendant's client and/or by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

28.     All communications referenced herein were made within the one year prior to the filing of this action.

## COUNT I
### Violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

29.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

30.     Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including

the false representation of "the character, amount, or legal status of any debt".

31.     Defendant violated Section 1692e(2)(A) by violating Fla. Stat. § 440.13(3)(g), specifically by alleging that Plaintiff owed a debt which, by law, he does not.

32.     Defendant made such demands despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida law.

33.     More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc*., 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

34.     Defendant's debt collection letters and other communications falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is shielded from such liability by Florida statute. Therefore, the statements are patently false and violate 15 U.S.C. §§ 1692e(2)(A) and 1692(e)(10).

35.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant for:

a.  Statutory damages in the amount of $1,000 dollars;

b.  Attorney's fees, litigation expenses and costs of suit;

c.  Such other or further relief as the Court deems proper.

## COUNT II
### Violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(10), and  1692f(1)

36.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein

37.     Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1202 n.29 (11th Cir. 2010).

38.     Defendant, in violation of 15 U.S.C. § 1692f(1), engaged in the collection of amounts that it is not permitted to collect, by demanding payment in excess of originally demanded and offered, and reneging on a "settlement offer" that was supposed to remain open until May 23, 2019.

39.     Moreover, Defendant's contradictory letters, the second which seemingly reneges on the April 5, 2019 "settlement offer" could serve no other possible purpose but to deceive the least sophisticated consumer into paying amounts that they otherwise are not obligated to pay. 15 U.S.C. §§ 1692e, 1692e(10). *See Bourff v. Rubin Lublin,* LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."); *see also, Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir. 1999) (stating a contention that a communication from a debt collector is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)).

40.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendants for:

a.      Statutory damages in the amount set forth in 15 U.S.C. § 1692k(a);

b.       Attorney's fees, litigation expenses and costs of suit;

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

41.      Plaintiffs demand trial by jury.


Dated: April 25, 2019

Respectfully submitted,


 *s/ Scott D. Owens*
Scott D. Owens, Esq. (FBN 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Paul Herman, Esq. (FBN 405175)
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Ste. 11A-560
Delray Beach, FL 33445
Tel: 561-236-8851
Fax: 561-431-2352
paul@consumeradvocatelaw.com